UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BLACKBURN,

        Plaintiff,                            Hon. Janet T. Neff

v.                                              Case No. 1:15 CV 1185

M&T BANK, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on November 16, 2015, against M&T Bank, Lakeview Loan Servicing, and Schneiderman & Sherman PC. (Dkt. #1). While not entirely clear, it appears that Plaintiff is seeking judicial intervention to prevent the foreclosure of an unidentified piece of property. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **dismissed for failure to prosecute and failure to comply with the Court's Orders**.

## BACKGROUND

Plaintiff initiated this action on November 16, 2015. (Dkt. #1). On December 21, 2015, Defendants filed motions to dismiss for failure to state a claim on which relief may be granted. (Dkt. #5, 7). Plaintiff failed to respond to Defendants' motions. On January 27, 2016, the Court issued to Plaintiff an Order to Show Cause directing him to "show cause by February 10, 2016, why [Defendants' motions to dismiss] should not be granted." (Dkt. #9). Plaintiff was warned that "failure to timely respond will result in a report and recommendation that this matter be dismissed. . .for want of

prosecution and failure to comply with the rules and orders of this court." (Dkt. #9). Plaintiff has failed to respond to the Court's Order to Show Cause or otherwise participate in this matter.

## ANALYSIS

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors all weigh in favor of dismissal. The Court finds that Plaintiff's failure to comply with the Court's Order to Show Cause is due to willfulness and bad faith. Defendants are certainly prejudiced by Plaintiff's failure to comply with this Court's Orders. Finally, Plaintiff was expressly warned that failure to comply with the Court's Order to Show Cause would result in a recommendation that this matter be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims be **dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 10, 2016                    /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge